UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| CHARLES ZAIR HILL, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CV415-123 |
| EDWARD PHILBIN, Warden | ) ) ) |
| Respondent. | ) ) |

## ORDER

"Charles Hill was found guilty of felony murder and kidnapping with bodily injury, among other crimes, arising out of a botched armed robbery of a fast food restaurant in Savannah[, Georgia]." *Hill v. State*, 281 Ga. 795, 795 (2007). He received, *inter alia*, two consecutive life sentences. *Id.* at 799 n. 1. His conviction was affirmed on appeal, where it was also held that he waived (by failing to timely raise it when it was available) his ineffective assistance of counsel claim. *Id.* at 799.

Hill now petitions this Court for 28 U.S.C. § 2254 relief, raising ineffective assistance of counsel claims. Doc. 1 at 4-6; *see also* doc. 1-1 (supporting brief). He has been here before, *Hill v. McLaughlin*, 2013 WL 2154007 (S.D. Ga. May 17, 2013), but that petition was dismissed for

lack of exhaustion. *Id.* at * 1-2. He now claims exhaustion. Doc. 1 at 3-4. Preliminarily reviewing his petition under § 2254 Rule 4, the Court discerns a timeliness issue arising under 28 U.S.C. § 2244(d)(1).[1]

Hill's petition reveals no further review of *Hill*, where reconsideration was denied on March 27, 2007. 281 Ga. at 795. He does

---

[1] Under 28 U.S.C. § 2244(d)(1), he had to file for § 2254 relief within one year after the date his conviction became final, and that clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corrs.*, 512 F. App'x 981, 982–83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). "[A]n application is *properly* filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Rich*, 512 F. App'x at 983 (quotes and cite omitted); *Everett v. Barrow*, 861 F. Supp. 2d 1373, 1375 (S.D. Ga. 2012).

Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corrs.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1. And "[a]n application that is untimely under state law is not 'properly filed' for purposes of tolling AEDPA's limitations period." *Gorby v. McNeil*, 530 F.3d 1363, 1366 (11th Cir. 2008) (cite omitted); *Dixon v. Hart*, 2013 WL 2385197 at * 3 (S.D. Ga. May 21, 2013). Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon*, 2013 WL 2385197 at * 3; *Nesbitt*, 2014 WL 61236 at *1.

Finally, petitioners must be diligent in uncovering reasonably discoverable, clock-resetting facts, and diligent in acting upon them. *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002), cited in *Reese v. United States*, 2012 WL 70680 at * 3 (S.D. Ga. Jan. 9, 2012). Reasonable, not maximum, diligence is required. *Aron*, 291 F.3d at 712. And the inquiry must take into account the movant's confinement conditions -- the "reality of the prison system." *Id.* (quotes and cite omitted).

not say (the habeas form did not ask him) when he filed for state habeas relief but he says it was denied on "11/19/12." Doc. 1 at 3. He appealed that denial; he furnishes a copy of the Georgia Supreme Court's adverse ruling dated November, 19, 2012. Doc. 1-2 at 2. It dismissed his appeal because he had "failed to file a notice of appeal from the order denying his petition for writ of habeas corpus." *Id.*

Because the § 2254 form petition that Hill used failed to ask him for filing dates, the Court cannot complete its preliminary review. In that regard, Hill's 2007-2012 filing gap is conspicuous, as is the state supreme court's dismissal due to Hill's failure to file a notice of appeal *at all*. More information is needed here.

The State can check its records and supply the missing information. Because the Court is restricting its focus to this issue on preliminary review,[2] full Fed. R. Civ. P. 4 service on the respondent is not yet warranted. Instead, the Court **DIRECTS** the Clerk to serve a copy of the petition and this Order by regular mail upon the Attorney

---

[2] *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("In sum, we hold that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), quoted in *Scott v. United States*, ___ F. Supp. 3d ___, 2015 WL 310604 at * 9 (M.D. Fla. Jan. 26, 2015); *Jackson v. Sec'y, Dep't of Corrs.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (district court possesses discretion to *sua sponte* raise the issue of the timeliness of a Section 2254 application for habeas corpus).

General of the State of Georgia, attention Deputy Attorney General Paula Smith. The State shall respond within 21 days of the date this Order is served; it may abstain from filing a full-review record until after the timeliness issue is preliminarily resolved.[3]

Hill must place any response in his prison's mail system by the close of business 21 days after the date on which the State serves its response upon him. Thereafter, he may file as many *non-frivolous* supplemental briefs as he wants when he wants -- subject to the "sudden death" rule.[4] Meanwhile, the Court finds him indigent and therefore **GRANTS** his motion for leave to proceed *in forma pauperis*. Doc. 2.

**SO ORDERED,** this 30th day of July, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] *See Jones v. Tatum*, CV415-065, doc. 3, 2015 WL 3377871 at * 1 (S.D. Ga. Apr. 8, 2015) (directing the same preliminary review, limited-service process), *later proceeding*, doc. 15, 2015 WL 3454311 at * 2 (S.D.Ga. May 29, 2015) (granting state's motion to dismiss on untimeliness grounds), *adopted*, docs. 22 & 23 (S.D.Ga. July 27, 2015).

[4] *See Waddy v. Globus Medical*, Inc., 2008 WL 3861994 (S.D. Ga. Aug 18, 2008) ("[P]arties may file as many reply briefs as they like under Local Rule 7.5.") (citing *Podger v. Gulfstream Aerospace Corp.*, 212 F.R.D. 609, 609 (S.D. Ga. 2003)); *see also* S.D.Ga.Loc.Civ.R. 7.6 (authorizing reply briefs but imposing notice requirements and time limits); *Brown v. Chertoff*, 2008 WL 5190638 at *1 (S.D. Ga. Dec. 10, 2008) (reminding that "[o]nce the initial round of briefs have been filed, subsequent replies run the risk of 'sudden death.' That is, the Court is free to issue its decision at any time.").