UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| CHARLES ZAIR HILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV415-123 |
| | ) | |
| EDWARD PHILBIN, Warden | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

"Charles Hill was found guilty of felony murder and kidnapping with bodily injury, among other crimes, arising out of a botched armed robbery of a fast food restaurant in Savannah[, Georgia]." *Hill v. State*, 281 Ga. 795, 795 (2007). He received, *inter alia*, two consecutive life sentences. *Id.* at 799 n. 1. His conviction was affirmed on appeal, where it was also held that he waived his ineffective assistance of counsel ("IAC") claim by failing to timely raise it when it was available. *Id.* at 799.

He petitions this Court for 28 U.S.C. § 2254 relief, raising IAC claims. Doc. 1 at 4-6; *see also* doc. 1-1 (supporting brief). Preliminarily reviewing his petition under § 2254 Rule 4, the Court discerned a

timeliness issue arising under 28 U.S.C. § 2244(d)(1),[1] so it ordered briefing, doc. 6, which led the State to move for dismissal on untimeliness grounds. Doc. 7. The State explains:

> [T]he Georgia Supreme Court affirmed Petitioner's Chatham County convictions and sentences on February 26, 2007, and reconsideration was denied on March 27, 2007. Petitioner then had 90 days from the March 27, 2007, denial of reconsideration to file a

---

[1] Under 28 U.S.C. § 2244(d)(1), he had to file for § 2254 relief within one year after the date his conviction became final, and that clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982–83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). "[A]n application is *properly* filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Rich*, 512 F. App'x at 983 (quotes and cite omitted); *Everett v. Barrow*, 861 F. Supp. 2d 1373, 1375 (S.D. Ga. 2012).

Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1. And "[a]n application that is untimely under state law is not 'properly filed' for purposes of tolling AEDPA's limitations period." *Gorby v. McNeil*, 530 F.3d 1363, 1366 (11th Cir. 2008) (cite omitted); *Dixon v. Hart*, 2013 WL 2385197 at * 3 (S.D. Ga. May 21, 2013). Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon*, 2013 WL 2385197 at * 3; *Nesbitt*, 2014 WL 61236 at *1.

Finally, petitioners must be diligent in uncovering reasonably discoverable, clock-resetting facts, and diligent in acting upon them. *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002), cited in *Reese v. United States*, 2012 WL 70680 at * 3 (S.D. Ga. Jan. 9, 2012). Reasonable, not maximum, diligence is required. *Aron*, 291 F.3d at 712. And the inquiry must take into account the movant's confinement conditions -- the "reality of the prison system." *Id.* (quotes and cite omitted).

notice of intent to apply for certiorari to the United States Supreme Court pursuant to Rule 13 of the Rules of the United States Supreme Court. To the best that Respondent can determine, Petitioner did not file a certiorari petition in the United States Supreme Court. Hence, Petitioner's convictions became "final" on June 25, 2007, when the 90-day period in which to file a certiorari petition in the United States Supreme Court expired.

Petitioner had one year from June 25, 2007, to file his federal habeas petition or toll the one-year period of limitations by filling a state collateral attack. Petitioner waited 272 days before filing his first state habeas petition on March 25, 2008. Relief was denied in that case on October 27, 2010, when the final order was entered. The 30-day period in which he could file an application for a certificate of probable cause to appeal that ruling expired on November 26, 2010. Therefore, his time for filing a federal conviction challenging these same convictions would have begun running again on November 27, 2010. However, before the 30-day period elapsed, Petitioner filed his second state habeas petition in Ware County. Following a hearing, that petition was dismissed as successive,[2] and the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal on December 11, 2014.

Therefore, Petitioner's one-year period of limitations began running again on December 12, 2014. Petitioner waited until April 21, 2015, to file his federal petition, which was 131 days after the Georgia Supreme Court denied his application for a certificate of probable cause to appeal. The 272 days Petitioner waited after his convictions became "final" to file his first state habeas petition coupled with the 131 days Petitioner waited to file his federal

---

[2] Applying the reasoning set forth in *Thompson v. Sec'y, Dept. of Corr.*, 595 F.3d 1233, 1237 (11th Cir. 2010) (state petitions that violate a state's procedural bar rules "will not be successful, but they have been properly delivered and accepted so long as the filing conditions have been met"), Hill's "successive" filing "re-stopped" the federal habeas limitations clock. *See Artuz v. Bennett*, 531 U.S. 4, 11 (2000); *Croft v. Secretary, Dept. of Corrections*, 2011 WL 4947455 at * 5 (M.D.Fla. Oct. 17, 2011).

3

petition after his second state habeas case was completed amounts to 403 days. Since 403 days surpasses the one-year (or 365 day) time bar by 38 days, this petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

Doc. 7-1 at 5-6 (record cites omitted; footnote added).

Hill challenges none of the State's showing, but "requests that the state's response be dismissed as untimely" because this Court directed the State to respond within 21 days of its last order (doc. 6) and it did not file its response until September 2, 2015. Doc. 9 at 2; *see also* doc. 7 at 1. The State's response was due August 20, 2015, so it is late. But Hill's argument fails because: (a) there is a world of difference between a Court-imposed briefing deadline and the bright-line limitations period imposed by Congress; and (b) he can cite no legal prejudice.

Hill at best implicitly pleads for equitable tolling. First, he claims that his "notice of appeal" ("NOA") failed to reach "the clerk's office" because of "his legal documents being misplaced or destroyed by prison officials during a prison shakedown." Doc. 9 at 4. He does not say *which* NOA he is talking about, but it is of no moment because "generalized claims of lockdown-caused loss of legal materials will not suffice." *Jones v. Tatum*, 2015 WL 3454311 at * 2 (S.D. Ga. May 29, 2015) (citing *Moore*

*v. Frazier*, 605 F. App'x 683, 687 (11th Cir. 2015) ("[P]eriods in which a prisoner is separated from his legal papers are generally not extraordinary circumstances for which equitable tolling is appropriate."); *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004) ("[L]ockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate.").

Hill further cites his legal ignorance and subjection to bad advice -- from his prison's *law library*. Doc. 9 at 4-5. As for one's legal ignorance:

> We have stated that *"pro se* litigants, like all others, are deemed to know of the one-year statute of limitations." *Outler v. United States*, 485 F.3d 1273, 1282 n. 4 (11th Cir. 2007) (concerning the one-year limitation period for motions by federal prisoners under 28 U.S.C. § 2255). And we have not accepted a lack of a legal education as an excuse for a failure to file in a timely fashion. *See Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (stating that "procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness" (quoting *Johnson v. United States*, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582, 161 L.Ed.2d 542 (2005))).

*Moore*, 605 F. App'x at 868.

As for bad legal advice, not even a *personal attorney's* bad legal advice will support equitable tolling. *Spears v. Warden*, 605 F. App'x 900, 904 (11th Cir. 2015) (one-year limit was not equitably tolled by

attorney's misleading advice that petitioner did not have right to appeal his state-court conviction and sentence imposed on his guilty plea to murder, aggravated battery, and possession of firearm during the commission of crime; attorney negligence neither qualified as an extraordinary circumstance nor did it prevent petitioner from timely filing federal habeas petition); *Bing v. United States*, 2015 WL 4092699 at * 2 (S.D. Ga. July 6, 2015) (collecting cases).

Accordingly, the State's motion to dismiss (doc. 7) should be **GRANTED** and Charles Hill's § 2254 petition should be **DISMISSED** as untimely. Applying the Certificate of Appealability ("COA") standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, since there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 23rd day of September, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA